IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ANTHONY LANDRENEAU and<br>LEAH LANDRENEAU,<br><br>    Plaintiffs,<br><br>VS.<br><br>FOREST RIVER, INC.,<br>MOTOR HOME SPECIALIST, LP,<br>CAMPING WORLD RV SALES, LLC,<br>ALLIANT CREDIT UNION, AND<br>DAIMLER TRUCKS NORTH<br>AMERICA LLC,<br><br>    Defendants. | Civil Action No. 3:17-CV-2848-D |

MEMORANDUM OPINION
AND ORDER

In this action, defendant Camping World RV Sales, LLC ("Camping World") moves to dismiss for lack of *in personam* jurisdiction. Plaintiffs Anthony Landreneau and Leah Landreneau (the "Landreneaus") have not responded to the motion. For the reasons that follow, the court grants Camping World's motion to dismiss for lack of *in personam* jurisdiction and dismisses the Landreneaus' action against Camping World without prejudice by judgment filed today.

I

The Landreneaus, residents of Louisiana, sued defendants Camping World, Forest River, Inc., Motor Home Specialist, LP ("Motor Home Specialist"), Alliant Credit Union, and Daimler Trucks North America LLC for allegedly violating the Magnuson-Moss

Warranty Act, 15 U.S.C. § 2301 *et seq.*, breach of express warranties, breach of implied warranties, and negligent repair. These claims arise from the Landreneaus' purchase and subsequent repairs of a new 2015 Forest River Berkshire XL motor home from Motor Home Specialist in Alvarado, Texas. After the Landreneaus experienced issues with the motor home, Camping World performed warranty repairs on the vehicle in 2017 at its dealership located in Lafayette, Louisiana. All transactions between the Landreneaus and Camping World occurred in Louisiana.

In the Landreneaus' second amended complaint, they allege a negligent repair claim against Camping World and several other defendants.[1] On April 23, 2018 Camping World filed the instant motion to dismiss. The Landreneaus' response to the motion was due on May 14, 2018. *See* N.D. Tex. Civ. R. 7.1(e). The Landreneaus have not responded to the motion, and it is now ripe for decision.

---

[1]The Landreneaus allege:

> Defendants's attempted repairs of Plaintiffs' Berkshire XL were done so negligently, carelessly, and recklessly as to substantially impair the Berkshire XL's use, value, and safety in its operation and use. At no repair attempt was Plaintiff's Berkshire XL fully and completely repaired by Defendants, nor were many of the conditions of which Plaintiffs complained fixed or significantly improved by Defendants's attempts at repair. Nonetheless, each time Plaintiffs picked up the vehicle after Defendants's repair attempts, Defendants represented to Plaintiffs that the repairs were complete, and Plaintiffs relied thereon.

2d. Am. Compl. ¶ 45.

II

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985); *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545 (5th Cir. 1985)). The determination whether a federal district court has *in personam* jurisdiction over a nonresident defendant is bipartite. The court first decides whether the long-arm statute of the state in which it sits confers personal jurisdiction over the defendant. If it does, the court then resolves whether the exercise of jurisdiction is consistent with due process under the United States Constitution. *See Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999). Because the Texas long-arm statute extends to the limits of due process, the court need only consider whether exercising jurisdiction over Camping World would be consistent with the Due Process Clause of the Fourteenth Amendment. *See id.*; *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000).

> The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed [itself] of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." To comport with due process, the defendant's conduct in connection with the forum state must be such that [it] "should reasonably anticipate being haled into court" in the forum state.

*Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (footnotes omitted). To determine whether exercising jurisdiction would satisfy traditional notions of fair play and substantial justice, the court examines (1) the defendant's burden, (2) the forum state's interests, (3) the plaintiff's interest in convenient and effective relief, (4) the judicial system's interest in efficient resolution of controversies, and (5) the states' shared interest in fundamental social policies. *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 421 (5th Cir. 1993).

A defendant's contacts with the forum may support either specific or general jurisdiction over the defendant. *Mink*, 190 F.3d at 336. "Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Id.* (citations omitted).

"The district court usually resolves the jurisdictional issue without conducting a hearing." *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993) (footnote omitted). "When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits. Therefore, in a no-hearing situation, a plaintiff satisfies his burden by presenting a prima facie case for personal jurisdiction." *Latshaw*, 167 F.3d at 211 (footnotes omitted).

III

In the Landreneaus' second amended complaint, they plead the predicate for the court's exercise of *in personam* jurisdiction as follows: "Venue is proper in this district under 28 U.S.C. §1391(a)(3) because Plaintiffs purchased the subject vehicle in Johnson County and the Defendants are subject to personal jurisdiction in this district and there is no other district where the suit may be brought." 2d. Am. Compl. ¶ 9. The allegations of the second amended complaint make clear that the Landreneaus' claims rely on specific (not general) jurisdiction.[2]

Camping World posits that the court does not have *in personam* jurisdiction over it because its transactions with the Landreneaus occurred exclusively in Louisiana.[3] Camping World also maintains that it had no connection to the original purchase of the motor home in Johnson County, Texas. As such, Camping World's contacts with *Louisiana* form the basis for the Landreneaus' negligent repair claim—the sole claim alleged against Camping World.

In this no-hearing situation, once defendants have controverted the jurisdictional

---

[2]Although the Landreneaus do not appear to rely on general jurisdiction, the court concludes that it cannot exercise general jurisdiction because plaintiffs have presented no evidence that Camping World is a citizen of Texas. Nor have they adduced evidence of "continuous and systematic contacts" with Texas.

[3]Camping World attaches to its motion the declaration of Brent Moody, the Chief Operating and Chief Legal Officer of Camping World. Moody avers that "[a]ll repairs done to the Berkshire XL by Camping World were done at the dealership located at 3030 NE Evangeline Thruway, Lafayette, LA. At no time did Camping World perform any repairs on the Berkshire XL in Texas." Moody Decl. ¶¶ 8-9.

allegations contained in the Landreneaus' second amended complaint, the burden shifts to the Landreneaus to adduce affidavit or declaration evidence that, accepted as true, presents a prima facie case for *in personam* jurisdiction. *See Van Rooyen v. Greystone Home Builders, LLC*, 295 F.Supp.3d 735, 742 (N.D. Tex. 2018) (Fitzwater, J.) (quoting *Latshaw*, 167 F.3d at 211). Because the Landreneaus have not responded to Camping World's motion, they have not carried their burden to present a prima facie case. Because the Landreneaus failed to establish Camping World's minimum contacts with the state of Texas, this court is not shown to have *in personam* jurisdiction over Camping World. The Landreneaus' action against Camping World must therefore be dismissed without prejudice.

\* \* \*

Camping World's April 23, 2018 motion to dismiss is granted, and this action is dismissed as to Camping World without prejudice by Fed. R. Civ. P. 54(b) final judgment filed today.

**SO ORDERED**.

June 15, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE